## In re JONES.
### Patent Appeal No. 2979.

Court of Customs and Patent Appeals.
May 23, 1932.

Byrnes, Townsend & Potter, of Washington, D. C. (C. H. Potter and R. E. Parker, both of Washington, D. C., and E. L. Greenewald and F. D. Brooker, both of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner, rejecting claims 4 to 7, inclusive, 16, 17, 18, 20 to 24, inclusive, 26 and 27, of appellant's application for want of invention in view of the prior art.

Appellant, upon oral argument, waived the appeal with reference to claims 4, 16, 17, and 22, and therefore the decision of the Board of Appeals as to such claims will be affirmed without further consideration.

Of those remaining, claim 18 is illustrative, and reads as follows:

"18. In a battery hand lamp, the combination with a lamp bulb, and a battery in circuit with said bulb, of a casing enclosing the battery and having a supporting base at one end, vertically extending bearings carried by the casing, and a handle slidably mounted in said bearings for movement in a plane intersecting the axis of said bulb and between an open carrying position and a closed position in which it conforms to the top end of the casing, said handle terminating short of the bottom end of said casing whereby said lamp may stand on said supporting base both when said handle is in open position and when it is in closed position."

The references relied upon are: Rhind, 520,659, May 29, 1894; Schmuck, 613,888, November 8, 1898; Theurer, 918,222, April 13, 1909; Langer et al. (Austrian), 66,324, August 25, 1914; Kahn, 1,315,556, September 9, 1919; Fertman et al., 1,316,568, September 23, 1919; Rogge (German), 361,054, February 2, 1922; Graff, 1,373,611, April 5, 1921; Lyhne, 1,432,548, October 17, 1922; Kahn et al., 1,544,236, June 30, 1925.

The alleged invention is described by the Board of Appeals in its decision as follows:

"This application discloses a battery lantern wherein a casing of rectangular form of sufficient dimensions to hold three small cylindrical dry cells, two of which stand in vertical position and the remaining one lies in horizontal position across the tops, together with a lamp casing, is employed. The casing is divided at the top and sides and hinged at the bottom. Small lugs are struck up from the bottom of sufficient depth to serve as feet to keep the hinge member from contact with a supporting surface when the lantern is placed thereon. Suitable elements are provided within the casings so that the batteries may be supported in proper position, which elements also serve as terminal contacts to complete the electrical circuit of the batteries. These are so arranged that the batteries may be inserted only in proper directional relation in respect to their poles. A latch and a guard therefor serve to lock the casing in closed position, and a slidable bail serves as a handle. The several features are set forth in different association as may be observed by the above representative claims."

While we believe that appellant's battery lamp is an improvement over any lamp shown in any single reference, we are of the opinion that the features of appellant's claims, which he contends lend patentability thereto, are all within the range of mechanical skill rather than of invention; that is to say, an inspection of the references would enable one skilled in the art so to modify and combine the

various features shown therein as to produce appellant's structure covered by the claims in issue, without the exercise of the inventive faculty.

No useful purpose would be served in discussing in detail the applicability of the references to said claims.

With respect to appellant's contention that the references Schmuck and Theurer relate to bails for cans, and that this is a non-analogous art with respect to flash-light casings, this court, in the case of In re Voorhees, 40 F.(2d) 773, 17 C. C. P. A. 1162, held that a bail for a container of a battery used in a flash-light is not remote from the art wherein bails are provided for cans.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.